<pre>
</pre>

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **JERRIAL NORMAND** | § | |
| | § | |
| **Plaintiff,** | § | Civil Action No. 2:18-cv-522 |
| | § | |
| v. | § | |
| | § | |
| **SANDBOX TRANSPORTATION, LLC** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jerrial Normand ("Plaintiff") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. For cause of action, he shows as follows:

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendant violated the FLSA by improperly classifying, or other otherwise treating, Plaintiff as exempt from the guarantees and protections of the FLSA. Specifically, Defendant failed and refused to pay Plaintiff at time-and-one-half his regular rates of pay for all hours worked in excess

of forty hours within a workweek.  Instead, Defendant paid Plaintiff straight time for all hours worked and did not pay for overtime hours at a rate that is not less than one-and-one-half Plaintiff's regular rate of pay.

## II. PARTIES

3. Plaintiff Jerrial Normand is an individual who resides in Gregg County, Texas and was employed by Defendant within the meaning of the FLSA.  Plaintiff was employed by Defendant from approximately December 2017 until April 2018.  He has consented to be a party-plaintiff in this action and his consent form is attached hereto as "Exhibit A."

4. Defendant Sandbox Transportation, LLC ("Sandbox") is a Texas limited liability company. Sandbox may be served with process by service on its registered agent for service, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

## III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction in this matter because Plaintiff asserts one or more claims arising under federal law.  Specifically, Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.  This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331.

6. Venue is proper in the Marshall Division of the United States District Court for the Eastern District of Texas.  All or a substantial part of the events forming the basis of this suit occurred in Harrison County, Texas, which is in this District and Division.  Plaintiff was an employee of Defendant and performed work for Defendant in Harrison County, Texas.  Defendant does business in Harrison County, Texas.  Defendant is subject to this Court's personal jurisdiction with respect to this civil

action. Defendant thus resides in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

7. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

8. At all times hereinafter mentioned, Defendant has been an "employer" in relation to the Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Plaintiff was an individual "employee" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

12. Sandbox is an oilfield services company. Its primary service is the coordination and delivery of drilling sand and other materials into the oil fields throughout the United States.

13. Plaintiff Normand worked for Sandbox in East Texas, including in Harrison County, as a Forklift Operator.

14. As a Forklift Operator, Plaintiff operated a fork lift to load, unload, and stack the boxes of sand delivered by truck to the wellsite. Plaintiff also completed paperwork, reported any damages or incidents, operated the "cradle machine," and maintained oilfield equipment.

15. For all times relevant to this action, as Forklift Operator, Plaintiff's primary job duty Defendant has been the performance of manual, non-management work.

16. In the performance of his work, Plaintiff handled tools, equipment, and other materials that were manufactured outside of the State of Texas.

17. At all times during his employment with Defendant, Plaintiff was not "exempt" from the overtime protections of the FLSA.

18. During Plaintiff's employment, he was paid on an hourly basis and was not paid any additional pay, including overtime pay, for working more than forty hours in a week.

19. Plaintiff's regular schedule was working 14 days on followed by 7 days off. During the days he worked, Plaintiff worked at least 12 hours per day; and Plaintiff thus worked far in excess of forty hours in a workweek. Throughout his employment with Defendant, in weeks in which he performed work, Plaintiff regularly worked more than forty hours in the workweek. Yet Defendant did not pay Plaintiff any overtime compensation for these hours worked over forty in a week.

## VII. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

20. During the relevant period, Defendant violated Section 7 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2), by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer

than 40 hours without compensating Plaintiff for his work in excess of forty hours per week at rates no less than one-and-one-half times his regular rate for which he was employed.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiff prays, on trial of this cause, for judgment against Defendant as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b. For an Order awarding Plaintiff the taxable costs and allowable expenses of this action;

c. For an Order awarding Plaintiff's attorneys' fees;

d. For an Order awarding Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law;

e. For an Order awarding Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*.; and

f. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Daniel A. Verrett*

        Daniel A. Verrett
        Texas State Bar No. 24075220
        daniel@morelandlaw.com

Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
700 West Summit Drive
Wimberley, Texas 78676
(512) 782-0567
(512) 782-0605 - telecopier

**ATTORNEYS FOR PLAINTIFF**