UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JERRIAL NORMAN, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 2:18-cv-522 |
| | § | |
| SANDBOX TRANSPORTATION, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Sandbox Transportation, LLC, ("Sandbox Transportation") files the following Answer to Plaintiff's Original Complaint (Dkt. 1).

1. Paragraph 1 states legal conclusions for which no answer is required.

2. Paragraph 2 states legal conclusions for which no answer is required. Defendant admits that Plaintiff did not receive time-and-a-half overtime pay during a portion of Plaintiff's employment and denies that Plaintiff was entitled to such pay.

3. Sandbox Transportation admits that Plaintiff is an individual who formerly was employed by Sandbox Transportation until his termination of employment in April 2018. Sandbox Transportation further admits that Plaintiff filed a consent form with this Court, but denies that Plaintiff's Original Complaint states a collective action and denies that a collective action is appropriate in this case. Sandbox Transportation denies the remaining allegations of Paragraph 3.

4. Sandbox Transportation admits the allegations of Paragraph 4.

5. Sandbox Transportation admits the allegations of Paragraph 5.

6. Sandbox Transportation admits that Plaintiff performed work for it in Harrison County, Texas and that Defendant does business in Harrison County, Texas. Sandbox

Transportation denies that this Court is the appropriate venue under the *forum non conveniens* doctrine and 28 U.S.C. § 1404.

7. Paragraph 7 is vague because "all relevant times" is not defined. Sandbox Transportation admits that it formerly employed Plaintiff.

8. Paragraph 8 states a legal conclusion for which no response is required. Sandbox Transportation admits that it formerly employed Plaintiff.

9. Paragraph 9 states a legal conclusion for which no response is required.

10. Paragraph 10 states a legal conclusion for which no response is required. Sandbox Transportation admits that its annual gross volume of sales made or business done is not less than $500,000.

11. Paragraph 11 states legal conclusions for which no response is required. Additionally, Paragraph 11 is vague because "all relevant times" is not defined. Sandbox Transportation admits that Plaintiff formerly was its employee who was engaged in commerce.

12. Sandbox Transportation admits that it coordinates and delivers sand to well sites in multiple states in the United States and denies the remaining allegations of Paragraph 12.

13. Sandbox Transportation admits that Plaintiff worked for it as a Forklift Operator and denies the remaining allegations in Paragraph 13.

14. Sandbox Transportation admits the allegations of Paragraph 14.

15. Paragraph 15 is vague because "all times relevant to this action" is not defined, and Sandbox Transportation therefore denies the allegations of Paragraph 15.

16. Sandbox Transportation admits the allegations of Paragraph 16.

17. Sandbox Transportation denies the allegations of Paragraph 17.

18. Sandbox Transportation admits that Plaintiff did not receive time-and-a-half

overtime pay during a portion of Plaintiff's employment and that Plaintiff received hourly pay during a portion of Plaintiff's employment. Sandbox Transportation denies the remaining allegations of Paragraph 18.

19. Paragraph 19 is vague because the terms "regular," "far in excess," and "regularly" are not defined. Sandbox Transportation therefore denies the vague allegations in Paragraph 19. Sandbox Transportation admits that Plaintiff did not receive time-and-a-half overtime pay during a portion of Plaintiff's employment and denies that Plaintiff was entitled to such pay.

20. Sandbox Transportation denies the allegations in Paragraph 20 and denies that Plaintiff is entitled to the relief requested in the Prayer for Relief section of Plaintiff's Original Complaint. To the extent the Prayer for Relief contains any factual assertions, they are denied.

## AFFIRMATIVE DEFENSES

Sandbox Transportation asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that are not legally assigned to Sandbox Transportation and that are Plaintiff's burden to prove. Sandbox Transportation reserves the right to amend or supplement this list of defenses as permitted under the Federal Rules of Civil Procedure:

1. This Court is not the appropriate or most convenient venue, including under the *forum non conveniens* doctrine and 28 U.S.C. § 1404.

2. The Plaintiff's Original Complaint fails in whole or in part to state a claim or cause of action for which relief may be granted.

3. Plaintiff is not entitled to the damages sought because at all times Sandbox Transportation acted in good faith in the belief that it was not in violation of any of the provisions of the Fair Labor Standards Act ("FLSA").

4. Plaintiff was exempt from the overtime provisions of the FLSA, including pursuant to the FLSA's statutory exemptions set forth in 29 U.S.C. § 213.

5. In particular, Plaintiff is not entitled to the damages sought and is barred from bringing Plaintiff's claims because Plaintiff was an exempt loader whose work for Sandbox Transportation was subject to the authority of the United States Secretary of Transportation under the Motor Carrier Act. Accordingly, Plaintiff's claims are subject to the Motor Carrier Act exemption set forth in 29 U.S.C. § 213(b)(1).

6. Plaintiff is not entitled to attorney's fees and costs because Sandbox Transportation complied with all federal laws and at all times acted in good faith.

7. Plaintiff's claims occurring more than two years prior to the time of the filing of the current action are barred by the applicable statute of limitations.

8. Sandbox Transportation's actions and/or alleged actions do not constitute a willful violation (or any violation) of applicable law.

9. Sandbox Transportation did not knowingly or intentionally engage in any conduct in violation of the FLSA or any other applicable law, nor did it exhibit reckless disregard for the requirements of the FLSA or any other applicable law.

10. Sandbox Transportation acted at all times in good faith and in conformity with and in reliance on the written administrative regulation, order, ruling, approval, and/or interpretations of the Wage and Hour Division of the U.S. Department of Labor.

11. Plaintiff's claims are barred in whole or in part because Plaintiff seeks to recover damages for time allegedly worked that is *de minimus* and therefore not compensable under the FLSA or any other state law.

12. Plaintiff's claims fail because at all times Plaintiff has been paid all compensation due and owing in accordance with applicable law.

13. Any claims for overtime compensation and/or liquidated damages are barred or subject to offset by all wages already paid or other compensation provided.

14. Any claims for recovery of overtime compensation and/or liquidated damages are barred for hours allegedly worked without Sandbox Transportation's actual or constructive knowledge.

15. To the extent Plaintiff is entitled to any additional alleged overtime pay, Plaintiff would be entitled to, at most, a half-time premium for any hours worked in excess of 40 in any workweek.

16. Any preliminary and/or postlliminary time for which Plaintiff seeks compensation is non-compensable and barred by 29 U.S.C. § 254.

17. Plaintiff is not entitled to compensation for time spent on activities that were not compensable work under the FLSA and that were not an integral and indispensable part of the Plaintiff's principal job duties.

Respectfully submitted,

*/s/Andrew P. Burnside*
Andrew P. Burnside, TX Bar No. 24061200
S.D. Tex No. 924772
Attorney-in-charge
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA  70139
Telephone:  (504) 648.3840
Facsimile:   (504) 648.3859
Email: drew.burnside@ogletreedeakins.com

**ATTORNEYS FOR SANDBOX TRANSPORTATION, LLC**

**OF COUNSEL:**
Samantha Seaton
Texas Bar No. 24088382
S.D. Tex No. 2182853
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
500 Dallas Street, Suite 3000
Houston, Texas  77002
713.655.0855
713.655.0020 (Fax)
samantha.seaton@ogletreedeakins.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2019 the foregoing document was electronically transmitted to the Clerk of the Court using the ECF system of filing. A Notice of Electronic Filing will be sent by operation of the ECF system to the following counsel of record:

Daniel A. Verrett
MORELAND VERRETT, P.C.
The Commissioners House at Heritage Square
2901 Bee cave Road, Box L
Austin, Texas 78746

Edmond S. Moreland, Jr.
MORELAND VERRETT, P.C.
700 West Summit Drive
Wimberley, Texas 78676

**ATTORNEYS FOR PLAINTIFF**

*/s/Andrew P. Burnside*
Andrew P. Burnside