UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JERRIAL NORMAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 2:18-cv-00522 |
| | § | |
| SANDBOX TRANSPORTATION, LLC, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendant. | § | |

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

**I.   INTRODUCTION.**

Plaintiff, Jerrial Normand ("Plaintiff"), and Defendant, Sandbox Transportation, LLC, ("Defendant"), have reached a Settlement Agreement with respect to this Fair Labor Standards Act ("FLSA") case. The Settlement Agreement represents the culmination of over six (6) months of investigation, litigation, and negotiation. If approved, it will provide meaningful monetary relief to Plaintiff and reprieve to the Defendant by eliminating the need for them and their representatives to remain involved in protracted and expensive litigation.

This Settlement Agreement is the compromise of disputed claims and does not constitute an admission by Defendant of any violation of any federal, state, or local statute or regulation; of any violation of any of Plaintiff's rights; or of any duty owed by Defendant to Plaintiff. Defendant expressly denies Plaintiff's claims and disputes Plaintiff's entitlement to recover any damages; and disagrees with Plaintiff as to, for example and without limitation: the number of hours Plaintiff actually worked; whether Plaintiff was exempt under one or more exceptions to the FLSA's overtime requirements; whether Defendant's alleged FLSA violations were made in good faith and on reasonable grounds; and whether Defendant's alleged FLSA violations were willful.

The Parties have entered into their Settlement Agreement as a compromise to avoid the risks, distractions, and costs that will result from further litigation. For these reasons, the Parties jointly request the Court approve the Parties' Settlement Agreement and dismiss Plaintiff's claims with prejudice.

## II.     LAW & ARGUMENT.

### A.     The Parties Have Agreed Upon A Formal Settlement Agreement.

The Settlement Agreement has already been agreed upon and executed by the Parties.[1] This is not an opt-in settlement. Plaintiff will receive a check in the mail.

### B.     The Settlement Represents A Reasonable Compromise of This Litigation.

This Settlement provides Plaintiff with a substantial recovery for his alleged unpaid overtime wages, which is commensurate with the disputed nature of Plaintiff's claims. Defendant disputes Plaintiff's claims as to liability and amount.

All Parties are represented by experienced counsel. Plaintiff's counsel has obtained favorable results in numerous wage and hour actions. *See*, *e.g.*, *Garcia v. Divine Healers, Inc.*, No. CV H-17-2427, 2018 WL 7020192, at *3 (S.D. Tex. Dec. 20, 2018), *report and recommendation adopted*, No. 4:17-CV-2427, 2019 WL 174860 (S.D. Tex. Jan. 10, 2019) (granting plaintiff's motion for summary judgment in FLSA collective action). Defendant's counsel has likewise defended numerous large-scale wage and hour class and collective actions. *See, e.g., Allen v. Coil Tubing Services, LLC*, 846 F. Supp.2d 678 (S.D. Tex. 2012), *aff'd*, 755 F.3d 279 (2014) (obtained dismissal of significant portion of case pursuant to Motor Carrier Act exemption to FLSA);; *Garza v. Smith International, Inc.*, 17 W & H Cases 2d 764 (S.D. Tex. 2011) (obtained summary judgment for client applying Motor Carrier Act exemption to defeat action for overtime); *Dunkel*

---

[1]     A Joint Motion for leave to file the settlement agreement under seal is filed concurrently herewith.

*v. Warrior Energy Services Corp.*, 304 F.R.D. 193 (W.D. Pa. 2014) (denying Plaintiffs' motion for a nationwide collective action); *Naicker v. Warrior Energy Services, Inc.*, 2015 WL 1642209 (W.D. Pa. Apr. 19, 2015) (limiting nationwide hybrid action to single facility in Pennsylvania). Because the parties are represented by experienced counsel, the Court may rely upon their judgment as to the benefits of settlement in relation to the risks of litigation and trial. *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977).

The Parties and their respective counsel agree the Settlement Agreement is a fair and reasonable compromise of the claims alleged by Plaintiff in light of the procedural posture of the case, the litigation risks, and the litigation costs to all Parties. The Parties have engaged in arms-length and extended settlement negotiations. Because the Settlement is a fair and reasonable compromise and adequately compensates for the unpaid overtime hours alleged by the Plaintiff, the Parties seek entry of the submitted Order Approving Settlement. The Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over overtime wages owed.

The Fifth Circuit has set out six factors for evaluating settlement proposals: (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles [to] prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members. *Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982).

First, the settlement is a product of the extended negotiations of the Parties and significant follow-up work. There was no fraud or collusion by any participant. *See DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 287 (W.D. Tex. 2007) (courts must presume that no fraud or collusion

occurred unless there is evidence to the contrary.) Further, as detailed further below regarding factors 2 through 5, this case was settled after more than six months of work by the Parties and their Counsel. Prior to settlement, the Parties worked together to resolve various complex, disputed issues, such as exemption status. And if the case were not settled, there would be extensive work to come, including dispositive motions, propounding and responding to discovery to and from Defendant and Plaintiff, associated discovery disputes, depositions, and questions regarding good faith and willfulness. These issues are in addition to any questions of the hours worked by Plaintiff in the first place. So clearly, the Parties engaged in significant work, recognized and appreciated the risks in proceeding if this case were not settled, and recognized that this settlement represented a compromise of the range and certainty of the damages. *Id.*

      **C.**    **Attorney Fees And Litigation Expenses Are Reasonable.**

The Court may begin its analysis of a contingent attorney fee by looking at fees awarded in other courts, particularly in the Fifth Circuit. The Fifth Circuit recognizes that contingency fees are desirable because it is predictable, encourages settlement, and reduces incentives for protracted litigation. *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 643-44 (5th Cir. 2012) (adding, "[D]istrict courts in this Circuit regularly use the percentage method blended with a *Johnson* reasonableness check, and for some it is the 'preferred method.'").

In FLSA cases such as this, the "customary contingency" in the Fifth Circuit is within the range of 35% to 40%. *See Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001). Indeed, Courts within the Fifth Circuit regularly approve FLSA contingency fee arrangements of 40%, finding it to be fair and reasonable considering the customary contingency fee arrangements in this community. *Legros v. Mud Control Equip., Co.*, No. 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) (Doherty, J.).

Here, Plaintiff believes a fee of 40% is reasonable and necessary in this case. The 40% contingency results in an attorneys' fees amount that is less than the amount actually incurred by Plaintiffs to date, which is $4,170. Plaintiff's counsel also seeks reimbursement of their advanced litigation expenses, which total $453.30.

## III. CONCLUSION.

Plaintiff and Plaintiff's counsel obtained a successful recovery on behalf of the Plaintiff. The Settlement Agreement reached by Plaintiff and Defendant will provide considerable relief to Plaintiff. Thus, the Court should approve the Settlement Agreement reached by the Parties.

Respectfully submitted,

/s/ Andrew P. Burnside
Andrew P. Burnside, TX Bar # 24061200
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: (504) 648-3840
Facsimile: (504) 648-3859
drew.burnside@ogletreedeakins.com

**COUNSEL FOR SANDBOX TRANSPORTATION, LLC**

OF COUNSEL:
Samantha Seaton, TX Bar #24088382
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
500 Dallas Street, Suite 3000
Houston, Texas 77002
samantha.seaton@ogletreedeakins.com

Respectfully submitted,

/s/ Daniel A. Verrett
Daniel A. Verrett, TX Bar #24075220
**MORELAND VERRETT, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Telephone: (512)782-0567
Facsimile: (512) 782-0605
daniel@morelandlaw.com

Edmond S. Moreland, Jr., TX Bar #24002644
700 West Summit Drive
Wimberley, Texas 78676
Telephone: (512) 782-0567
Facsimile: (512) 782-0605
edmond@morelandlaw.com

**COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I certify that on May 23, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to:

Daniel A. Verrett
Texas State Bar No. 24075220
**MORELAND VERRETT, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Telephone: (512)782-0567 Facsimile: (512) 782-0605
daniel@morelandlaw.com

Edmond S. Moreland, Jr.
Texas State Bar No. 24002644
700 West Summit Drive
Wimberley, Texas 78676
Telephone: (512) 782-0567
Facsimile: (512) 782-0605
edmond@morelandlaw.com

*/s/ Andrew P. Burnside*